# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-609V
Filed: May 2, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| KATHLEEN NOLAN, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*John DeFazio, Viola Cummings and Lindsay, LLP,* for petitioner.
*Gordon Shemin, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 24, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a September 16, 2013 influenza ("flu") vaccine.  On December 21, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer.  (ECF No. 20).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 30, 2017, petitioner filed an unopposed motion for attorneys' fees and costs.  (ECF No. 23).[3]  Petitioner requests attorneys' fees in the amount of $17,370.00 and attorneys' costs in the amount of $415.75 for a total amount of $17,785.75.  *Id.* at 23-2 p. 1.[4]  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $17,785.75[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel John L. Defazio.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Chief Special Master

---

[3] The motion was not filed as an Unopposed Motion, however respondent did not submit a response.  Further, in the motion, petitioner states that "Respondent's lack of objection to the amount sought in this ase [sic] should not be considered as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."   (ECF No. 23 at 3.)

[4] In light of all the facts and circumstances of this case, particularly including the history of expedited resolution within the Special Processing Unit, the undersigned finds upon review of the submitted billing records and based on the undersigned's experience evaluating fee applications in similar Vaccine Act claims that the overall amount sought for attorneys' fees and costs is reasonable.  The undersigned does caution that billing records reflecting background research, such as review of vaccine injury law, regulations and requirements (see ECF No. 23-2 at 5) will not be paid in future fee applications, absent extraordinary circumstances.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.